Argued March 19, affirmed April 12, reconsideration denied May 12, petition for review denied June 15, 1976

# HOUSING AUTHORITY OF PORTLAND, OREGON, *Respondent,*

*v.*

# BAHR, *Defendant,* BAHR, *Appellant.*

## (No. 417-019, CA 4931)

548 P2d 514

*Lawrence Matasar,* Legal Aid Service, Portland, argued the cause and filed the briefs for appellant.

*Andrew P. Kerr,* Portland, argued the cause for respondent. With him on the brief were Gilbertson, Brownstein, Sweeney & Kerr and David J. Sweeney, Portland.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

**LANGTRY, J.**

This appeal is from a judgment of the circuit court granting the Housing Authority of Portland restitution of a housing unit it owns and had leased to defendants. The action is based upon ORS 105.110 et seq (forcible entry and wrongful detainer). The defendants are Paul and Ruby Bahr, husband and wife, who occupied the premises together. Wife alone has appealed, contending that (1) her motion to make the complaint more definite and certain should have been allowed, (2) she did not receive notice and opportunity to be heard concerning eviction, (3) she should not have been evicted for her husband's conduct which she was unable to remedy and (4) this appeal should not have been transferred to this court from the Oregon Supreme Court.

The latter-claimed error, (4), has no merit. ORS 2.510(2)(e) provides that this court shall have exclusive jurisdiction in appeals involving any agency of local government. The Housing Authority is at the least arguably such an agency. ORS 2.530(1) provides that where a party asserts that appellate jurisdiction is in the Supreme Court, that court shall conclusively and summarily decide the matter. That is what happened at bar. There also is no merit in relation to (1), the motion to make more definite and certain. The complaint filed by the Authority alleged the description of the premises, that defendants are in possession thereof, that plaintiff is entitled to possession and that defendants are unlawfully withholding the same by force. ORS 105.125 provides that in such an action the complaint is "sufficient" if it makes such allegations. There is no need to construe the statute; it is clear.

Wife's two substantive propositions are (2) and (3), noted above.

(2) The case was tried on a stipulation of facts. It was agreed therein, inter alia, that: A preeviction conference notice was mailed to Paul Bahr notifying him

of a breach of the lease agreement; Mrs. Bahr called the Authority and advised that Mr. Bahr could not come in on the designated date, March 24, 1975; he did come in March 26 and was then told that he would be evicted for failure to maintain the premises. On March 27, 1975 an eviction notice was "duly" sent Paul Bahr; on April 7, 1975 a hearing request was received from him, too late. The stipulation also agreed:

"* * * * *

"16. Mr. Bahr has consistently violated the terms of the lease agreement by bringing in scrap metal and other items resulting in very poor maintenance of the premises, said acts being a violation of the lease agreement.

"17. Mrs. Bahr did not personally bring in scrap metal and related materials, did not personally contribute to the failure to keep the premises in good order, but did not take any corrective measures. Mrs. Bahr did not have the physical ability to move the iron and other materials herself.

"18. Both Mr. and Mrs. Bahr occupied the premises with their children (at various times between one and four) on a full time basis.

"19. Most, if not all, correspondence from the Housing Authority was directed and addressed to Paul Bahr during the course of the landlord-tenant relationship over nearly four years.

"20. Defendant Ruby Bahr desires to retain a separate tenancy."

The eviction notice was received in evidence. Although it was mailed to Paul Bahr, its salutation reads: "TO: TENANT (and all other occupants) PAUL BAHR."

Mrs. Bahr contends that she was entitled to a separately mailed or served notice of the opportunity to be heard and of eviction. It would be incredible, in view of what is before us, to urge that Mrs. Bahr did not know the facts about the leasehold agreement being violated and that the Housing Authority was seeking to terminate the occupancy. Mrs. Bahr had called on March 24

to say Mr. Bahr could not come in for a conference, notice of which had been addressed to him alone, for that day. He did come in on March 26. This is concrete evidence that Mr. & Mrs. Bahr were actively communicating between themselves about what was going on. This is sufficient in itself from which to draw an inference that both were notified and he was acting for both. If we were to hold otherwise, it would be a simple matter for a husband and wife, on unreal and hypertechnical grounds, to intentionally frustrate the very procedures that are made for their convenience and protection.

■ (3) Wife says that she cannot be evicted for her husband's conduct which she cannot physically remedy, that she wishes to retain separate tenancy.

In *Lopez v. Henry Phipps Plaza South, Inc.,* 498 F2d 937 (2d Cir 1974), in the respect being considered under this contention,[1] the United States Second Circuit Court of Appeals upheld a termination of a lease to publicly financed housing where due process applied as it does at bar. The basis of the termination was that the appellant-wife's husband and sons, all living in the same unit of housing, had violated the lease. Then the wife, who appealed the eviction just as the wife has done at bar, had separated from the husband, and was contending she was entitled to continued tenancy. The court said:

"* * * Relying on *Tyson v. New York City Housing Authority,* 369 F.Supp. 513 (S.D.N.Y. 1974), she contends that the hearing officer's reliance on the conduct of her now allegedly separated husband was impermissible. *Tyson,* however, is readily distinguishable, since there the Housing Authority sought to evict tenants solely because of the criminal act of an adult son who did not live with them at the time the act was committed. Here the husband is a named tenant and was living in the

---

[1] In *Lopez* the notice that preceded the eviction hearing was addressed to Mr. & Mrs. Lopez. From this fact, wife's counsel states that *Lopez* is not in point with the case at bar. We do not cite it for our holding that the notice at bar was sufficient—we rely upon it for our decision upon the contention discussed under (3) in text.

household at the time of most of the charged misconduct. Moreover, there is still no legally effective method for keeping him away, however much this may be desired * * *." 498 F2d at 946.

We have examined the other authorities cited to us, but find the above to be most in point, and logical. The wife, living with husband in the leased premises, may not disassociate herself from continuing lease violations in such a way as to continue her tenancy in spite of them.

Affirmed.